ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| EUGENE L. PARKER SIMONET<br><br>Parte Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2025RA00401 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br><br>Sobre:<br>Bonificación de la Preventiva |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 19 de diciembre de 2025

Comparece ante nos, por derecho propio, Eugene L. Parker Simonet (en adelante "Parker Simonet" o "recurrente"), y nos solicita que declaremos con lugar una *Moción en Solicitud de Auxilio* y ordenemos al Departamento de Corrección (en adelante "Dpto. de Corrección" o "recurrido") a gestionar los trámites correspondientes para la bonificación de la reclusión preventiva del peticionario.

Por los fundamentos que exponemos a continuación, **desestimamos** la *Moción en Solicitud en Auxilio* presentada.

-I-

Surge del expediente que, el 11 de diciembre de 2025, Parker Simonet, por derecho propio, presentó una

*Moción en Solicitud de Auxilio*[1] ante este Tribunal de Apelaciones. Alegó que fue sentenciado a dos (2) años de prisión, por violación a una orden de protección, y fue recluido en la Institución del Complejo Correccional de Bayamón 705 en el año 2017. Arguyó que solicitó al Dpto. de Corrección las bonificaciones de la prisión preventiva de julio o agosto del año 2017 y que no se le han sido otorgadas. Solicitó a este tribunal que ordene al Dpto. de Corrección a gestionar los trámites correspondientes para las bonificaciones de la reclusión preventiva.

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), optamos por prescindir de la comparecencia de la parte recurrida, para disponer de manera eficiente el asunto.

**-II-**

**A. Reglamento del Tribunal de Apelaciones**

El Reglamento del Tribunal de Apelaciones establece, en su Regla 56, que la revisión de decisiones administrativas es el trámite "para la revisión de las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su

---

[1] Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley".[2]

En cuanto al contenido del recurso presentado, el precitado Reglamento establece, en la Regla 59(c)(1)(c), que el cuerpo del escrito contendrá, entre otros elementos:

> Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. […][3]

Por otra parte, la Regla 83, incisos (b) y (c), establecen que el foro apelativo puede desestimar un recurso, a iniciativa propia, cuando "[…] el Tribunal de Apelaciones carece de jurisdicción[…]".[4]

### B. Regla 182 de Procedimiento Criminal

Las Reglas de Procedimiento Criminal establecen, en cuanto al término que el acusado ha permanecido privado de libertad, en la Regla 182, que, "[e]l tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público se descontará totalmente del término que deba cumplir dicha persona de ser sentenciada por los

---

[2] Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 76, 215 DPR ___ (2025).
[3] Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 82.
[4] Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 115.

mismos hechos por los cuales hubiere sufrido dicha privación de libertad".[5]

Ahora bien, en cuanto a quien le corresponde resolver un asunto referente a una bonificación por detención preventiva, el Tribunal Supremo de Puerto Rico lo resume de manera precisa. Nuestro más alto foro expresó:

> […] la amplitud de los poderes que la Asamblea Legislativa ha delegado a la **Administración de Corrección**, así como la indudable pericia de dicha agencia para atender las reclamaciones de la población correccional del país, nos llevan a concluir que **es [e]sta la que debe resolver la reclamación inicial sobre la omisión de incluir la bonificación por detención preventiva** en la hoja de liquidación de sentencia. Si la persona confinada está inconforme con la decisión final de la agencia, siempre podrá recurrir a los tribunales a través del recurso de revisión judicial. No se trata de que los tribunales carezcan de jurisdicción para atender reclamaciones como [e]sta ni que la Asamblea Legislativa haya otorgado jurisdicción exclusiva a la Administración de Corrección. Más bien, **reconocemos que dicha agencia está en mejor posición para atender solicitudes de esta naturaleza provenientes de la población correccional**.[6] (Énfasis Nuestro)

## C. Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional

La División de Remedios Administrativos fue creada con el propósito de atender cualquier queja o agravio que pudieran tener los confinados en contra del Dpto. de Corrección y Rehabilitación […] sobre cualquier asunto[…].[7]

---

[5] Regla 182 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 182.
[6] *Pueblo v. Contreras Severino*, 185 DPR 646, 665-666 (2012).
[7] Introducción del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, *supra*.

La Regla V del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional dispone, en su inciso 1(b), que "[e]n todas las instituciones y facilidades correccionales se brindarán los servicios para atender Solicitudes de Remedios Administrativos radicadas por los miembros de la población correccional".[8] Haciendo este el proceso adecuado para solicitar un remedio administrativo por parte de un confinado.

## -III-

En el presente caso, el peticionario presentó una *Moción en Solicitud de Auxilio,* en la que solicita que ordenemos al recurrido a gestionar los trámites correspondientes para la bonificación de su detención preventiva en los meses de julio o agosto del año 2017. Sin embargo, el peticionario no ha comenzado ningún proceso, ni en el ámbito administrativo ni en un tribunal de instancia, en el que se haya dictado una resolución o sentencia, del cual pueda recurrir ante esta curia. En este caso, no ha habido una decisión, orden, ni resolución final emitida por un organismo o agencia administrativa o por alguno de sus funcionarios.

Como discutimos anteriormente, es a la Administración de Corrección a quien el peticionario debe dirigir su reclamo para la adjudicación de bonificaciones por detención preventiva. Esto, ya que dicha Administración es quien está en mejor posición

---

[8] Regla V del Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583 de 4 de mayo de 2015.

para atender una solicitud de tal naturaleza y del cual existe un proceso disponible para presentar su queja. Por esto, se **desestima** el presente recurso.

**-IV-**

Por los fundamentos antes expuestos, **desestimamos** el presente recurso.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones